**FILED**
**Oct 01, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Vera Adiole, | ) | **Docket No. 2018-06-0451** |
| Employee, | ) | |
| v. | ) | |
| Logan Senior Care, LLC, | ) | **State File No. 13008-2018** |
| Employer, | ) | |
| And | ) | |
| Benchmark Ins. Co., | ) | **Judge Kenneth M. Switzer** |
| Carrier. | | |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on September 30, 2019, on Logan Senior Care's Motion for Summary Judgment. The issue is whether Logan is entitled to summary judgment on grounds that Ms. Adiole's current need for treatment did not arise primarily out of and in the course and scope of her employment, an essential element of her claim. For the reasons below, the Court grants the motion.

### Claim History

Ms. Adiole alleged she suffered a work-related injury. Logan accepted the claim, and Ms. Adiole received authorized medical treatment from Drs. Juris Shibyama, Jeffrey Hazlewood and Tarek Elalayli. Ms. Adiole alleged that Dr. Hazlewood's treatment made her injury worse. She also treated on her own at Seven Springs Orthopaedic and Sports Medicine. Logan later filed this Motion for Summary Judgment.

### Facts

Logan's motion contained a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Ms. Adiole filed a response. She did not respond to each fact that Logan set forth with agreement or disagreement supported with citations to the record as the rule requires. Therefore, the Court deems the facts in Logan's statement of undisputed material facts admitted and summarizes them as follows:

1

1. Ms. Adiole was involved in a workplace incident on January 31, 2018, injuring her low back and lower extremities.
2. Ms. Adiole chose Dr. Juris Shibyama for authorized treatment from a panel, and he referred her to Dr. Jeffrey Hazlewood for pain management.
3. On April 16, 2018, Dr. Hazlewood placed her at maximum medical improvement after learning about pre-existing conditions and assigned a zero-percent impairment rating.
4. On April 11, 2019, Dr. Shibyama stated that the work incident did not contribute more than fifty percent in causing Ms. Adiole's low-back, right-hip and radicular conditions and her ongoing need for treatment.
5. Ms. Adiole selected Dr. Tarek Elalayli from a panel for further treatment, and he stated that her back problems and right-hip pain are less than fifty percent related to the workplace incident.
6. Ms. Adiole provided no evidence from any physician that any ongoing conditions or treatment are primarily related to the workplace injury.

Based on these facts, Logan argued the Court should grant summary judgment because it affirmatively negated an essential element of Ms. Adiole's claim – that the work injury is the primary cause of her current need for treatment.

At the hearing, Ms. Adiole argued that records from Seven Springs support the work-relatedness of her claim. She filed the declaration of Caitlin Clemmer, a physician assistant, at Seven Springs, which states in relevant part:

> [U]pon a standard of reasonable medical certainty, and a causation likelihood of "probability" or "likelihood," a reasonable interpretation [of] Ms. Adiole's medical chart suggests that it is at least "probable" that many of the ongoing, acute symptoms which appear to be affecting Ms. Adiole on a daily basis, may be related to the work-related incident[.]

Below Ms. Clemmer's signature is a signature line for approval by a "supervising Orthopedist." The initials "J.J." appear, presumably those of Dr. Jason Jones. The Seven Springs records document three visits—one with Ms. Clemmer and the remainder with two other physician assistants—but no visits with a doctor. The records further contain no other opinion on the cause of Ms. Adiole's ongoing pain and need for treatment.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

As the moving party, Logan must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the Ms. Adiole's claim, or (2) demonstrate that Ms. Adiole's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Logan is successful in meeting this burden, Ms. Adiole must then establish that the record contains specific facts upon which the Court could rule in her favor. *Rye*, at 265.

The essential element at issue in this case is that Ms. Adiole must demonstrate that she suffered "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." Tenn. Code Ann. § 50-6-102(14). Further, she must show this "to a reasonable degree of medical certainty that [the work accident] contributed more than fifty percent (50%)" in causing the need for treatment. In addition, "shown to a reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." *Id.* at 50-6-102(14)(C)-(D).

The undisputed facts, from records of Drs. Shibyama and Elalayli, are that Ms. Adiole's conditions did not arise primarily out of and in the course and scope of her employment. Thus, Logan met its burden of negating an essential element of the claim. This means Ms. Adiole must show that the record contains specific facts upon which the Court could find in her favor. Logan argued that Ms. Adiole's response did not comply with Rule 56. The Court agrees. Regardless, the Court will address the merits of her position.

Ms. Adiole's reliance on the declaration and records from Ms. Clemmer is misplaced. Importantly, Ms. Clemmer, a physician assistant, is not an expert who can testify as to medical causation. *Dorsey v. Amazon.com, Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *10 (May 14, 2015). But even if she were qualified, she stated that "it is at least probable" that many of Ms. Adiole's "may be related to the work-related incident[.]" "May be related" conveys speculation or mere possibility and does not satisfy the above statutory definition. Moreover, although "J.J." appears on a signature line for a "supervising orthopedist," the Court is not persuaded that Dr. Jones actually holds that opinion, as it is not his sworn declaration, nor did he ever see Ms. Adiole.

The Court acknowledges Ms. Adiole's dissatisfaction with Dr. Hazlewood. However, judges are not well-suited "to second-guess a medical expert's treatment, recommendations, and/or diagnoses absent some conflicting medical evidence." *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015).

Ms. Adiole's belief that a connection exists between her current condition and her workplace injury is understandable. However, in the absence of other medical evidence, Ms. Adiole's conjecture cannot establish that her condition arose primarily out of her employment. Her evidence is therefore insufficient to establish an essential element of her claim, and the Court must hold that Logan is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Logan's Motion for Summary Judgment is granted, and Ms. Adiole's claim is dismissed with prejudice to its refiling. The Status Conference previously set for October 7, 2019, is cancelled.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Logan under Tennessee Compilation Rules and Regulations 0800-02-21-.06 payable to the Clerk within five days of this order becoming final.

4. Logan shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED October 1, 2019.**

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

4

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 1, 2019.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Vera Adiole, self-represented employee | X | | X | 850 Richards Road, Apt. R6 Antioch TN 37013 Vadiole712@icloud.com |
| Allen Grant, Employer's attorney | | | X | AGrant@eraclides.com MJohnson@eraclides.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20___.

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address: http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name: _____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____